By the Court.
Assuming that the plaintiff made the representation as asserted by the defendant, and that it was not a mere puff or an expression of opinion, the true measure of damages would be the difference between the value of the farm as it was represented to be and what it was actually Avorth at the time of the purchase. The trial judge seemed to recognize this, but said to the jury that by consent counsel had adopted as the rule of damages the value of the coal per acre. No intimation of such consent appears in the record except in the charge to the jury ; but on the contrary, whenever the question was asked as to the value of the coal per acre, counsel for plaintiff objected, the objec *547 tion was overruled and exception was taken. The question was incompetent not only as based on a wrong measure of damages; but, Avhen it was propounded as a hypothetical question to expert witnesses, it did not correspond to the conditions of the alleged representation, as testified to by the plaintiff, nor did it contain the necessary data from which the witness could form a complete opinion.
We have not considered, and do not decide, the question Avhether the representation Avas anything more than an expression of opinion,for the reason that there is some evidence of conduct and language by the plaintiff tending to sIioav the intent with Avhieb the representation was made, if made at all. Inasmuch as this evidence may be qualified on another trial we purposely do not express an opinion on that point.

Reversed.